IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 17-cr-30195-SMY |
| | ) |
| JAMES T. KEEL, | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

  Defendant James T. Keel pleaded guilty to Possession with Intent to Deliver Cocaine in violation of 21 U.S.C. §§841(a)(1), (b)(1)(B)(iii) and 851 (Count 1) and Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 2).  On May 12, 2020, he was sentenced to 210 months' imprisonment on Count 1 and 120 months on Count 2, to run concurrently.  (Docs. 99, 102).

  Now pending before the Court is Keel's motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 125).  The Government does not oppose the motion (Doc. 127).

  Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023.  Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified

aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). Here, the parties agree that Keel is eligible for a reduction under Part A.

Keel's total offense level at sentencing was 34 and his criminal history category was IV (based upon 7 criminal history points), which yielded a Guidelines sentencing range of 210-262 months imprisonment. Under Amendment 821, Keel's criminal history points are reduced to 5 and his criminal history category is reduced to III, resulting in a lowered Guidelines range of 188-235 months.

Keel is eligible for a sentence reduction. Having also considered the applicable factors under 18 U.S.C. § 3553(a), the Court **GRANTS** the motion (Doc. 125) and reduces Keel's sentence 188 months' imprisonment effective on February 1, 2024. The Court attaches its Standard Order (AO Form 247) reflecting the sentence reduction.

**IT IS SO ORDERED.**

**DATED: January 18, 2024**

**STACI M. YANDLE**
**United States District Judge**